UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY MADDY,<br><br>                     Plaintiff,<br><br>   v.<br><br>CSL PLASMA, INC.,<br><br>                     Defendant. | NO: 11-CV-0076-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

     BEFORE THE COURT is Defendant's Motion for Summary Judgment (ECF. No. 22). This matter was heard without oral argument. The Court has reviewed Defendant's motion, the materials submitted therewith, and Defendant's reply. Plaintiff, appearing pro se, has not filed a response to Defendant's motion.

## BACKGROUND

     This is a medical malpractice lawsuit arising from a staphylococcus infection that Plaintiff developed shortly after donating plasma at Defendant's plasma donation facility in Spokane Valley, Washington. Plaintiff alleges that his infection was caused by Defendant's failure to follow proper sterilization

ORDER GRANTING SUMMARY JUDGMENT ~ 1

procedures during the donation process and failure to properly disinfect its medical equipment. Defendant has moved for summary judgment, arguing that it has procedures in place to guard against the type of infection that Plaintiff developed and that the bacteria which caused the infection must have entered Plaintiff's blood stream through a different avenue.

## STATEMENT OF FACTS

Plaintiff donated plasma at Defendant's plasma donation facility in Spokane Valley, Washington on multiple occasions from January 6, 2009 to March 19, 2009.[1] On April 2, 2009, Plaintiff was admitted to the Emergency Department at Valley Hospital with chest pain and flu-like symptoms. ECF No. 27 at 4. This was Plaintiff's fifth such visit to the hospital's emergency department since February 9, 2009. ECF No. 27 at 4. Doctors in the emergency department subsequently detected the presence of "coagulase negative staphylococcus" bacteria in Plaintiff's blood. ECF No. 27 at 4.

---

[1] The record does not indicate the exact number of donations made by Plaintiff during this period. Defendant admits, however, that Plaintiff was "a frequent plasma donor of the Spokane facility of CSL Plasma, Inc.," and that its employees "did on multiple occasions draw blood from plaintiff for processing to separate plasma." Def.'s Answer to Pl.'s Compl., ECF No. 3, at ¶¶ I, III.

Plaintiff was transferred to Deaconess Medical Center for follow-up testing and treatment on April 7, 2009. ECF No. 27 at 4. When Plaintiff arrived at Deaconess, doctors documented his symptoms and physical appearance. ECF No. 27 at 4. Among other things, doctors observed facial dermatitis on Plaintiff's cheeks and underneath his beard, and a patch of erythema on his left foot. ECF No. 27 at 4. According to the intake report, Plaintiff attributed his dermatitis to the fact that he had not shaved recently, but did not know what had caused the erythema on his foot. ECF No. 27 at 4.

On April 10, 2009, doctors determined that Plaintiff had a staphylococcus infection in his heart known as bacterial endocarditis.[2] ECF No. 27 at 7. Further testing revealed that this condition had resulted in an "aortic root infection" in one of Plaintiff's heart valves. ECF No. 27 at 10. According to Plaintiff's doctors, Plaintiff was susceptible to contracting this particular type of infection due to a congenital heart abnormality known as a "bicuspid aortic valve." ECF No. 27 at 7. On April 17, 2009, Plaintiff underwent successful open heart surgery to replace the infected aortic valve. ECF No. 27 at 12-15.

---

[2] Endocarditis is defined as an inflammation of the inside lining of the heart chambers and heart valves. ECF No. 25 at ¶ 5.

Plaintiff filed the instant lawsuit on January 18, 2012, alleging that he contracted the staphylococcus infection as a result of donating plasma at Defendant's plasma donation facility.  According to Plaintiff's complaint, his staphylococcus infection was the proximate result of, *inter alia*, Defendant's negligence in failing to properly disinfect the devices used during the donation process and in failing to properly sterilize the puncture sites on his body prior to drawing his blood.  ECF No. 1-1 at 8-9.

On April 5, 2012, Defendant moved for summary judgment on the causation element of Plaintiff's negligence claim.  In support of its motion, Defendant has submitted a declaration by David E. Welton, M.D., a board-certified cardiologist, to the effect that plasma donation is not a significant risk factor for the type of staphylococcal infection that Plaintiff developed.  According to Dr. Welton, "[t]he only way [P]laintiff could have contracted endocarditis from a plasma donation would have been if contamination of the needle insertion site occurred during the procedure."  ECF No. 25 at ¶ 8.  Because Defendant "uses individually-packaged and sterilized equipment for each donation as well as an extensive skin sterilization process at the needle insertion site," Dr. Welton states, "[i]t is far more likely that the bacteria which caused [Plaintiff's] endocarditis came from another source."  ECF No. 25 at ¶¶8-9.

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A dispute over any such fact is "genuine" only where there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party. *Id.* at 248. When ruling on a summary judgment motion, a court construes the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 327, 378 (2007).

## DISCUSSION

Plaintiff's response to Defendant's motion for summary judgment was due on May 5, 2012. LR 7.1(c)(1). To date, Plaintiff has not filed a responsive pleading. Accordingly, the Court treats Plaintiff's failure to file a response as consent to the entry of an adverse order Defendant's motion. LR 7.1(e) ("A failure to timely file a memorandum of points and authorities in support of or in

opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default."). In addition, the Court accepts the facts set forth in Defendant's statement of material facts (ECF No. 26) as admitted without controversy by virtue of Plaintiff's failure to expressly oppose them. *See* LR 56.1(b), (d). In applying and enforcing these rules, the Court notes that Plaintiff was specifically advised of the consequences of failing to respond to a motion for summary judgment on two separate occasions after he began representing himself *pro se*. *See* ECF No. 20 at 2-4; ECF No. 30.

Accepting Defendant's facts as true, the Court finds that there are no genuine issues of material fact which would preclude an award of summary judgment in Defendant's favor. According to Defendant's cardiology expert, Plaintiff could not have contracted bacterial endocarditis from donating plasma unless the needle insertion site became contaminated during the procedure. Welton Decl., ECF No. 25, at ¶ 8. Given that Defendant "uses individually-packaged and sterilized equipment for each plasma donation, as well as an extensive skin sterilization process at the needle insertion site," however, it is unlikely that any such contamination could have occurred. Leedom Decl., ECF No. 27, at ¶ 4. Indeed, it is "far more likely" that the bacteria which caused Plaintiff's bacterial endocarditis entered his blood stream through another source—

namely the dermatitis on Plaintiff's face or the soft tissue on Plaintiff's foot. Welton Decl., ECF No. 25, at ¶ 9.  Accordingly, Defendant is entitled to summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's motion for summary judgment (ECF No. 22) is **GRANTED**.

The District Court Executive is hereby directed to enter this Order; enter judgment in favor of Defendant; provide copies to the parties, and **CLOSE** this file.

**DATED** this 29th day of May, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge